**Ubaldo E. ANGULO; Raquel Munive Leon, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–72304.**

United States Court of Appeals, Ninth Circuit.

Submitted July 19, 2009.*

Filed July 30, 2010.

Ubaldo E. Angulo, Oxnard, CA, pro se.

Raquel Munive Leon, Oxnard, CA, pro se.

Joanne E. Johnson, Esquire, Stacy Stiffel Paddack, DOJ—U.S. Department of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Justice Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Ubaldo E. Angulo and Raquel Munive Leon, husband and wife and natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008), and we deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen on the ground that they failed to establish prima facie eligibility for protection under the Convention Against Torture. *See Toufighi v. Mukasey,* 538 F.3d 988, 996–97 (9th Cir.2008) (requiring movant to establish prima facie eligibility for relief). Petitioners failed to present evidence of changed country conditions in Mexico that were particular to petitioners and their circumstances. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Delgado–Ortiz v. Holder,* 600 F.3d 1148, 1152 (9th Cir.2010) (per curiam).

The BIA also did not abuse its discretion in denying petitioners' motion to reopen where it considered the additional evidence of hardship to petitioners' United States

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

citizen son and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

In light of our disposition, we do not reach petitioners' remaining contention that Angulo's offense did not render him ineligible for cancellation of removal.

## PETITION FOR REVIEW DENIED.